UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUNO AMIN MALDONADO,<br><br>Petitioner,<br><br>v.<br><br>CALIFORNIA CORRECTIONAL FACILITY,<br><br>Respondent. | NO. CV 10-580-SVW (AGR)<br><br>**ORDER TO SHOW CAUSE WHY THIS ACTION SHOULD NOT BE DISMISSED FOR FAILURE TO EXHAUST STATE REMEDIES** |

For the reasons discussed below, the Court orders Petitioner to show cause, on or before **August 4, 2010,** why the Court should not recommend dismissal based on failure to exhaust state remedies.

**I.**

**SUMMARY OF PROCEEDINGS**

On June 21, 2010, Petitioner filed a First Amended Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition").

On January 14, 2009, in Los Angeles County, Petitioner pled guilty to corporal injury on a spouse, dissuading a witness to testify, possession of a controlled substance, and vandalism. (Petition at 2.) On the same day, Petitioner was sentenced to 4 years in prison.

Although Petitioner indicates that he appealed his conviction to the California Court of Appeal, he cites the trial court case number. (Petition at 2.) Petitioner indicates that he did not file a petition for review with the California Supreme Court. (*Id.* at 3.) Petitioner filed a state habeas petition in the Superior Court, which was denied on January 14, 2010. (Petition at 4 & Attached.) Petitioner does not indicate that he filed any other state habeas petitions.[1]

Petitioner lists the following grounds: (1) the state court violated the federal removal statute; (2) a violation of due process because of "lack of federal intrusion" and a sentence that violates the Eighth Amendment; and (3) trial court coercion to plead guilty. (Petition at 5-6).[2]

## II.

## **EXHAUSTION**

The petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the petition. *Lindh v. Murphy*, 521 U.S. 320, 336, 117 S. Ct. 2059, 138 L. Ed. 2d 481 (1997).

The AEDPA provides that a petition for writ of habeas corpus brought by a person in state custody "shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the State; or (b)(I) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1).

Exhaustion requires that Petitioner's contentions be fairly presented to the state's highest court, in this case the California Supreme Court. *James v. Borg*,

---

[1] According to the California court online docket (http://www.courtinfo.ca.gov/courts/), Petitioner did not file any appeal of his conviction, nor any habeas petition in any California appellate court.

[2] Petitioner's listed fourth ground is not a ground; it just states Petitioner's interpretation of the standard of review on federal habeas. (Petition at 6.)

2

1 | 24 F.3d 20, 24 (9th Cir. 1994). Petitioner bears the burden of demonstrating that
2 | he described to the California Supreme Court both the operative facts and the
3 | federal legal theory on which his claim is based. *Duncan v. Henry*, 513 U.S. 364,
4 | 365-66, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995).

Based on the petition and on the Court's review of the state court's online docket, Petitioner has never presented any grounds for relief to the California Supreme Court. Thus, the petition appears to be completely unexhausted and is subject to dismissal without prejudice on that basis. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006).

### III.
### ORDER

IT IS THEREFORE ORDERED that, on or before **August 4, 2010**, Petitioner shall show cause why the Petition should not be dismissed based on failure to exhaust state remedies.

**If Petitioner fails to timely respond to this Order to Show Cause, the Magistrate Judge will recommend that the Petition be dismissed without prejudice based on failure to exhaust state remedies.**

DATED: July 14, 2010

ALICIA G. ROSENBERG
United States Magistrate Judge